UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------X
EMMA J. TYSON, ET AL.,              :
         Plaintiffs,                :
         - against -                :
                                    : No. 3:01CV01917(GLG)
MATTHEW WILLAUER, ET AL.,             **OPINION**
                                    :
         Defendants.
------------------------------------X

FILED

Nov 6  2 13 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

Pursuant to Rule 56(c), Fed. R. Civ. P., Defendants Richard C. Mulhall, Chief of Police of the Town of Bloomfield Police Department, and the Town of Bloomfield, have moved for summary judgment on all counts of Plaintiffs' complaint on the ground that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law **[Doc. # 86]**. For the reasons discussed below, their motion will be granted.

### Summary Judgment Standard

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P.; see generally Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). In ruling on a Rule 56 motion for summary judgment, the Court cannot resolve issues of fact. Rather, it is empowered to determine only whether there are

1

material issues in dispute to be decided by the trier of fact. The substantive law governing the case identifies those facts that are material. Anderson, 477 U.S. at 248. In assessing the record to determine whether a genuine dispute as a material fact exists, the Court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. Id. at 255; Matsushita Electric Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## Discussion

Plaintiffs have brought this civil rights action against various federal, state, and local law enforcement officers, claiming that these defendants violated their constitutional rights when they mistakenly entered plaintiffs' residence seeking to arrest a suspect, who had lived there four months earlier. As discussed in several earlier opinions of this Court, the Federal Bureau of Investigation ("FBI"), as part of its investigation into a Jamaican drug-trafficking ring in the Hartford, Connecticut area, applied for an arrest warrant for one Dennis Rowe a/k/a "Dicky." On October 19, 1999, United States Magistrate Judge Thomas P. Smith signed and issued the arrest warrant for Rowe at 9 Craigs Road, Windsor, Connecticut. The following morning, a group of federal, state, and local agents went to 9 Craigs Road to execute the warrant. After entering the premises, they learned that Rowe no longer lived there and that

2

the house had been sold to plaintiff Emma Tyson four months earlier.[1] At the time of the incident in question, she resided there with her daughter-in-law, Kim Tyson, and her grandson, Reggie Tyson, the other plaintiffs in this case. Rowe was subsequently arrested at another address in Windsor.

Police Chief Mulhall was not personally involved in the investigation, obtaining the arrest warrant, or the attempted execution of the warrant at plaintiffs' residence. He has been sued solely in his capacity as Chief of Police of the Town of Bloomfield for his alleged failure to promulgate and enforce guidelines for the execution of arrest warrants, his alleged failure to properly train the police officers, his alleged failure to supervise, and his failure to take appropriate disciplinary action against the police officers for their allegedly negligent, willful, and intentional unlawful entry into plaintiffs' house and their unreasonable search while there. (Pls.' Compl. ¶¶ 99, 105, 108.)[2] Likewise, plaintiffs' claims

---

[1] Although plaintiffs' complaints alleges that defendants entered their residence with weapons drawn, carrying battering rams and yelling at the plaintiffs to get down (Pls.' Compl. ¶ 16), there is no evidence in the record to support these claims. Additionally, it is undisputed that Sergeant Willauer, the only Bloomfield police officer at the scene, never entered the residence and had no contact with the plaintiffs.

[2] With respect to Chief Mulhall, plaintiffs have asserted a claim pursuant to 42 U.S.C. § 1983 for violation of their constitutional rights (Count Eleven), a claim for negligence or carelessness (Count Twelve), and a claim for negligent infliction of emotional distress (Count Thirteen).

against the Town of Bloomfield are based on these same alleged deficiencies, as well as statutory indemnification and vicarious liability for the acts and omissions of its employees.[3] (Pls.' Compl. ¶¶ 115, 119, 127, 132.)

The only Bloomfield employee with any involvement in this incident was Sergeant Matthew Willauer of the Bloomfield Police Department. At all times relevant to plaintiffs' complaint, Sergeant Willauer was a formally deputized member of the Federal Task Force involved in this investigation of the Jamaican drug-trafficking organization in the Hartford area. Officers so designated are treated as federal employees and amy exercise federal law enforcement powers. 21 U.S.C. § 878(a); 5 U.S.C. § 3374(c). This Court has previously ruled that Sergeant Willauer was entitled to qualified immunity and granted his motion for summary judgment as to plaintiffs' claim brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

In ruling on Willauer's motion for summary judgment, we held that, armed with a facially valid arrest warrant, issued by a judicial officer, and absent knowledge of any facts or

---

[3] As to the Town of Bloomfield, plaintiffs have alleged violation of § 1983 (Count Fourteen), negligence and carelessness (Count Fifteen), indemnification under Conn. Gen. Stat. § 7-465 for the acts of defendants Willauer and Mulhall (Count Sixteen), and vicarious liability for the negligent acts and omissions of Willauer and Mulhall pursuant to Conn. Gen. Stat. § 52-557n (Count Seventeen).

4

circumstances that should have reasonably alerted the officers to the fact that the suspect's address had changed, they had no duty to initiate their own investigation prior to executing the warrant. We further held, with respect to Sergeant Willauer, who never entered the plaintiffs' residence and never had any contact with any of the plaintiffs, that there was no violation of their Fourth Amendment rights with respect to any actions taken by him.

Plaintiffs rely on Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), to support their § 1983 claims against the Town and Chief Mulhall. They argue that the Town's failure to properly train and supervise its police officers constitutes "deliberate indifference" to the rights of plaintiffs. However, because Sergeant Willauer did not violate the constitutional rights of any of the plaintiffs, they can have no claim against the municipality or its police chief under Monell for failure to train, supervise, establish proper guidelines, or to discipline. As the Supreme Court held in Los Angeles v. Heller, 475 U.S. 796, 799 (1985), "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point." (Original emphasis). "[N]either Monell . . . nor any other [Supreme Court] case[] authorizes the award of damages against a municipal corporation based on the actions

5

of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." Id.

Accordingly, summary judgment is granted in favor of defendants Mulhall and the Town of Bloomfield on plaintiffs' § 1983 claims (Counts Eleven and Fourteen).[4]

As to plaintiffs' common-law negligence claims against the Town, it is well settled that a municipality cannot be sued directly for common-law negligence. Williams v. New Haven, 243 Conn. 763, 766-67 (1988). Likewise, their claims against the Police Chief must fail since any claim against him in his official capacity is tantamount to a claim against the Town itself.

Relying on Evon v. Andrews, 211 Conn. 501, 505 (1989), plaintiffs argue that their claims of negligence against the Town and Chief Mulhall are not barred by the doctrine of governmental immunity because a factual dispute exists as to whether "the circumstances make it apparent to the public officer that failure to act is likely to subject an identifiable person to imminent

---

[4] Moreover, at all times relevant to plaintiffs' complaint, Willauer was acting in his capacity as a deputized DEA Task Force Agent, not as a Bloomfield police officer. It is highly questionable as to whether plaintiffs could establish any causal link between any policy of the Town and the actions of Willauer that resulted in their alleged constitutional deprivations.

6

harm."[5]  First, this "identifiable person-imminent harm" exception to the general rule of qualified governmental immunity, discussed by the Connecticut Supreme Court in Evon, applies only to municipal employees, and not to the municipality itself. Second, as to Chief Mulhall, plaintiffs have produced no evidence whatsoever of anything he did or should have done that was likely to subject them to imminent harm.  His only involvement in this case was as the Chief of the Bloomfield Police Department.  He

---

[5]  In Evon, the Court held:

> While a municipality itself was generally immune from liability for its tortious acts at common law, its employees faced the same personal tort liability as private individuals.  A municipal employee, however, has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act.  The word 'ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion.
>
> The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary:  first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence.

211 Conn. at 505 (internal quotation marks and citations omitted).  Plaintiffs are relying on the first exception to immunity from liability.

did not participate in the investigation, in procuring the arrest warrant, or in executing the arrest warrant. Moreover, plaintiffs do not fall within the definition of "identifiable" persons. See Purzycki v. Town of Fairfield, 244 Conn. 101, 110 (1998) (holding that an individual may be "identifiable" for purposes of the exception to qualified governmental immunity if the harm occurs within a limited temporal and geographical zone, involving a temporary condition). This is not a situation where the circumstances would have made it apparent to the Police Chief that his failure to act would be likely to subject an identifiable person to imminent harm. Therefore, this exception to governmental immunity does not apply, and defendants' motion for summary judgment will be granted as to plaintiffs' negligence claims set forth in Counts Twelve, Thirteen, and Fifteen.

Additionally, plaintiffs have sought indemnification from the Town of Bloomfield pursuant to Conn. Gen. Stat. § 7-465.[6]

---

[6] Section 7-465 provides in relevant part:

> (a) Any town, city or borough, . . . shall pay on behalf of any employee of such municipality, . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as set forth in this section, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if

8

The statute indemnifies municipal employees who, acting in the scope of their employment, become obligated to pay damages for injury to person or property. Any municipal liability which may attach under this statute is predicated on a prior finding of individual negligence on the part of the employee and the municipality's relationship with that employee. Wu v. Town of Fairfield, 204 Conn. 435, 438 (1987). The only two employees of the Town of Bloomfield that have been named by plaintiffs are Sergeant Willauer and Chief Mulhall. "A plaintiff bringing suit under General Statutes § 7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." Sestito v. City of Groton, 178 Conn. 520, 527 (1979). "This is a personal liability requirement that calls for an inquiry independent of the statute itself, an inquiry into the factual matter of individual negligence." Id. at 528. There has been no showing of negligence on the part of either Sergeant Willauer or Chief Mulhall that was a proximate cause of any of the plaintiffs' injuries. Absent this necessary predicate, plaintiffs' claim against the Town under § 7-465 (Count Sixteen) must fail.

---

> such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . .

9

Lastly, plaintiffs have asserted a claim against the Town pursuant to Conn. Gen. Stat. § 52-557n.[7] Again, any liability under this section in predicated on a prior finding of negligence by Sergeant Willauer or Chief Mulhall. Furthermore, even if there were such a finding, this section expressly exempts a political subdivision of the State from any liability for damages to a person caused by "negligent acts or omissions that require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." Conn. Gen.

---

[7] Section 52-557n provides in relevant part:

> (a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; . . .
>
> (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.

Stat. § 52-557n(a)(2)(B). Any claim against Chief Mulhall or Sergeant Willauer is based upon their performance of discretionary, as opposed to ministerial, acts, which are part of the official functions of the authority expressly or impliedly granted to them as police officers. The exception set forth in § 52-577n(a)(2)(B) would apply to those acts.

Therefore, summary judgment is granted in favor of the Town on Count Seventeen as a matter of law.

### Conclusion

The Motion for Summary Judgment of Defendants, the Town of Bloomfield and Richard C. Mulhall, **[Doc. # 86]** is granted in all respects.

SO ORDERED.

Date: _November 1_____, 2003.
      Waterbury, Connecticut.


                                        United States District Judge